UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOMINGO ESPIRITU,

                              **Plaintiff,**

v.                                                                 24-CV-1219 MAV(Sr)

THE UNITED STATES DEPARTMENT
OF JUSTICE

and

UNITED STATE MARSHALS SERVICE,

                              **Defendants.**
_____

## DECISION AND ORDER

        This matter was referred to the undersigned by the Hon. Meredith A. Vacca, in accordance with 28 U.S.C. § 636(b), for all pretrial matters. Dkt. #14.

        Plaintiff, Domingo Espiritu, filed this action *pro se,* alleging violations of the Freedom of Information Act, 5 U.S.C. § 552, following his request for documentation relating to his transfer of custody to the United States Marshals in the Dominican Republic on September 6, 1998. Dkt. #1. Plaintiff alleges that this documentation is necessary to properly litigate his case and to ascertain relevant information regarding his conviction and deportation status. Dkt. #1.

        Plaintiff was convicted by a jury of murder in the second degree, assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the second degree and sentenced as a second violent felony offender to

an aggregate term of 25 years to life. *People v. Espiritu*, 1 A.D.3d 205 (1st Dep't 2003), *leave to appeal denied*, 1 N.Y.3d 597 (2004). Plaintiff's motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 was denied. *People v. Espiritu*, 8 Misc.3d 1022 (N.Y. Sup. Ct. N.Y. Cty June 17, 2005). Plaintiff's petition for writ of habeas corpus was also denied. *Espiritu v. Haponik*, 05 Civ. 7057, 2012 WL 161809 (S.D.N.Y. Jan. 19, 2012).

Currently before the Court are plaintiff's motions for appointment of counsel. Dkt. #25 & Dkt. #28. In support of his motions, plaintiff advises that he has a personality disorder, does not speak or write English, and relies upon the assistance of other inmates. Dkt. #25. Plaintiff states that he was tortured during his detention in the Dominican Republic following his arrest on December 28, 1996, and forced to sign a confession which was used to convict him. Dkt. #25. Plaintiff attaches an affirmation from defense counsel in his state court case stating that plaintiff alleges he was tortured by the Dominican police after he was arrested on the extradition charge of murder. Dkt. #25, p.30. Plaintiff also attaches an Omnibus Motion seeking, *inter alia*, a *Huntley* hearing to address the admissibility of a purported confession (Dkt. #25, p.24), and a motion to dismiss the indictment on the ground that the Domincan authorities violated his due process rights by torturing him while the extradition proceedings were pending. Dkt. #25, p.26. The People's Supplement to their Voluntary Disclosure indicates that on or about 9/6/1998 in the Dominican Republic, plaintiff made a statement to Detective Daniel Medina of the 33rd Precinct, stating, in substance, "I made a mistake when I was young and now, as an adult I have to pay the consequences." Dkt. #25, p.22.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Cooper*, 877 F.2d at 174. As a result, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits

of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

Plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. Although plaintiff asserts that he is unable to read or write English, he has been able to obtain assistance to clearly communicate the factual basis of his claims to the Court. Moreover, the claim before this Court appears to involve a straightforward application of FOIA with defendants moving for summary judgment on the ground that they completed their search for records subsequent to the filing of this action and have produced responsive documents with redaction of plaintiff's NYSID#, alias, and the name of the assigned detective. Dkt. #28-2, p.31.

Plaintiff's motions for appointment of counsel (Dkt. #25 & Dkt. #28) are denied. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 23, 2025

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**